(No. 1054— )

WALTER WHEELER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 20, 1928.*

*Rehearing denied September 11, 1928.*

RALPH DEMPSEY for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On June 30, 1926, claimant filed his declaration in this action asking $3000.00 damages alleged to have been caused to his property by the construction of State Route No. 9. Claimant's property is a 1½ acre tract of hilly land improved with a dwelling house, wash house, poultry house, barn, hay shed, machine shed, well and cistern. The road extends along the entire south line of the premises, a distance of approximately 340 feet, and the property extends back up the hill north about 245 feet from the road. The house is located on the east part of the lot and the barn and other buildings on the west part. There is a drive about the center of the premises extending from the road up the hill to the buildings. Southeast of the house were a number of fruit trees.

Route 9 is an old established highway upon which the State has constructed a concrete pavement. The plans for the construction of this pavement required the grade of the old road to be lowered and a wider right of way secured in front of claimant's property, and before the work was begun claimant dedicated to the State a strip of ground off the south side of his premises for highway purposes for which he was paid $50.00.

Work began on the road in the summer of 1924. About the last of August or first of September of that year, slides occurred in the southeast corner of claimant's property. These slides continued for some time and the surface of the

land back up the hill from the road a distance of 40 to 60 feet was affected by them. As a result of the slides all claimant's fruit trees were destroyed and the surface of the hill was broken up.

It is alleged by claimant that the removal of the dirt for the purpose of lowering the grade of the road caused the slides and consequent damage to his property, and he invokes the doctrine of the lateral support of adjacent soil to sustain his claim. The principle that one is entitled to have his soil sustained by the support of the adjacent land only applies to land in its natural condition. We do not think, however, a discussion of this question is necessary as we have reached the conclusion that the slides were not caused by the excavation of the road. Claimant's property is situated on a steep hill side, is what is termed bluff-land. The surface is composed of glacial drift of loose material resting upon hard-pan. This loose material is from 1.1 to 5.8 feet thick over the part of claimant's land where the slides occurred, and is very porous and readily absorbs water. The underlying hard-pan is very compact and nearly impervious to water. In times of heavy rainfall the water passes through the loose surface to the underlying hardpan, lubricating the top of it and causing a tendency in the surface to break loose from the hard-pan and slide down the hill. In the months of June, July and August, 1924, just prior to the first slides on claimant's land, the rains had been very heavy in that locality, the fall for these three months being 20.82 inches, while the total for the entire year was only 38.43 inches. Other slides occurred in the year 1926. The rainfall in the area of claimant's land that year was 50 inches, being the heaviest annual precipitation in that area in 63 years, the average annual precipitation for the 71 years the records have been kept being only 34.70 inches. There was no soil removed from claimant's land but the grade of the old road led upon which the pavement was laid was lowered 1.52 feet south of that portion of claimant's land where the slides occurred. West of the part where the slides occurred and where the slope of the land was practically the same, the grade of the old road bed was lowered from 4 to 4½ feet, yet there was no sliding of the surface there. It also appears from the evidence that slides have occurred in this area at points on the road where no excavations were made and even where fills were required

Wherever these slides occur it is only the loose surface material that moves, there being no movement of the hard-pan. We think the sliding of the surface of claimant's land was caused by the unusual heavy rainfall and the peculiar composition of the land and not by the slight excavation made for the purpose of lowering the grade of the old road. It follows that claimant cannot recover and his claim is, therefore, denied.

On September 11, 1928, upon petition for rehearing the following additional opinion was filed.

The claimant in the above entitled cause has asked for a rehearing of his case.

After a careful consideration of the petition for a rehearing, we are of the opinion that the excavation for the construction of the hard road was not the cause of the sliding of the soil, but that such sliding was due to the heavy rainfall.

The decision heretofore rendered is affirmed.